IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SUMMER DAWN BALLARD, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO.  2:10-cv-00817

FIFTH THIRD BANK,  et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion for Partial Dismissal [Docket 8] by the defendants Fifth Third Bank and Federal Home Loan Mortgage Corporation (the "defendants").  By their motion, the defendants ask the court to dismiss the claims for punitive damages in Count I and the tort claims in Count IV of the Complaint.  The Motion is **GRANTED** as to both counts.

## I. Background

According to the Complaint, in July 2007, the plaintiffs, Summer Dawn Ballard  and Brandon Cawley (collectively, "the plaintiffs"), borrowed $85,405 from Fifth Third Mortgage Company ("Fifth Third Mortgage") to purchase their home in Nitro, West Virginia.  Fifth Third Mortgage is a subsidiary of defendant Fifth Third Bank ("Fifth Third").  The note was secured by a lien on the plaintiffs' property.  Although the note was subsequently assigned to Federal Home Loan Mortgage Corporation ("Freddie Mac"), the plaintiffs allege that Fifth Third retained the loan servicing rights.

In May 2009, the plaintiffs' income decreased.  They sought a loan modification from their lenders.  In August 2009, the plaintiffs executed a Home Affordable Modification Agreement (the "Modification Agreement").  That agreement contained lower fixed interest rates for a certain period.  But, the plaintiffs assert, the defendants refused to honor the Modification Agreement.  According to the Complaint, the plaintiffs paid Fifth Third in September, October, and November 2009. But the November payment was returned, and, that same month, the plaintiffs received a letter from Fifth Third representing that the monthly payments would increase.  In a March 2010 letter, the plaintiffs were told they were behind in six payments.  Soon after, the plaintiffs received a Notice of Trustee Sale.

The plaintiffs filed suit in state court.  They assert claims against Fifth Third and Freddie Mac for breach of contract, unlawful debt collection, and negligence.  The defendants removed the case, and now seek dismissal of two counts of the Complaint.

## II.  Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

## III. Discussion

The defendants ask the court to dismiss with prejudice two of the plaintiffs' claims:  the claim for punitive damages alleged in Count I and the negligence claim in Count IV.

A. *Count I*

The defendants assert that the plaintiffs' punitive damages claims should be dismissed because the plaintiffs are not entitled to recover punitive damages on a contract claim.  In response, the plaintiffs have withdrawn their demand for punitive damages.  The motion to dismiss the claims for punitive damages under Count I is **GRANTED**.

B. *Count IV*

The plaintiffs allege that the defendants negligently misrepresented the amounts due on the loan and then proceeded to foreclose on the plaintiffs' property.  The defendants contend that the economic-loss doctrine bars the plaintiffs' negligence claim.  That doctrine provides that

> [a]n individual who sustains economic loss from an interruption in commerce caused by another's negligence may not recover damages in the absence of physical harm to that individual's person or property, a contractual relationship with the alleged tortfeasor, or some other special relationship between the alleged tortfeasor and the individual who sustains purely economic damages sufficient to compel the conclusion that the tortfeasor had a duty to the particular plaintiff and that the injury complained of was clearly foreseeable to the tortfeasor.

*Glascock v. City Nat'l Bank of W. Va.*, 576 S.E.2d 540, 545 (W. Va. 2002) (internal quotation marks omitted).  In West Virginia, this doctrine essentially forecloses a plaintiff from obtaining relief through tort law when that party's only damage has come from a contractual relationship.  Under this doctrine, a party may not pursue a tort claim independent of the contract when there is no independent duty of care outside of the contract.  This "doctrine" is really just a restatement of blackletter contract and tort law.  If there are damages resulting from a contract, a plaintiff must sue under the contract; if a tort is the source of the harm, the plaintiff must show a duty.  *See Verschures*

-3-

*Creameries, Ltd. v. Hull & Netherlands Steamship Co. Ltd.* [1921] 2 K.B. 608, 611 n.2 ("Thoughts much too deep for tears pervade the Court, When I assumpsit bring and, godlike, waive the tort.") (internal quotation marks omitted).

The defendants maintain that Fifth Third was a party to the Modification Agreement. Because the plaintiffs allege a purely economic loss from a contractual relationship, the defendants maintain, the economic-loss doctrine bars the plaintiffs' tort claims in Count IV. The plaintiffs counter that the economic-loss doctrine is inapplicable because Fifth Third, as the loan servicer, was not a party to the Modification Agreement. Instead, the plaintiffs contend, Fifth Third owed them a duty of care because there was a special relationship between them.

At the motion-to-dismiss stage, the facts considered by the court are generally limited to the four corners of the complaint. But, when a contract is integral to a plaintiff's claim, it is explicitly relied on in the complaint, and its authenticity is not challenged, a court may consider it in deciding a motion to dismiss. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (considering news article that was not contained in the complaint). Here, the defendants have attached the Loan Agreement as an exhibit to the Motion to Dismiss. The Modification Agreement is integral to the plaintiffs' claims, it is explicitly relied upon in the Complaint, and its authenticity is not challenged. I may therefore consider the terms of the Modification Agreement without converting the motion to dismiss to one for summary judgment.

Having reviewed the Modification Agreement, it is clear that Fifth Third was a party to that contract. On the first page of the Modification Agreement, "Fifth Third Bank" is listed as the lender.

-4-

(Modification Agreement 1.)[1]  The plaintiffs are claiming that they did not receive the benefit of their bargain under the Modification Agreement.  The relief they seek, therefore, must come from that contract, and not some independent tort.  The Motion to Dismiss Count IV of the Complaint is therefore **GRANTED**.

## IV. Conclusion

For the forgoing reasons, the Motion for Partial Dismissal [Docket 8] is **GRANTED**. Counts I and IV of the Complaint are **DISMISSED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      August 20, 2010

Joseph R. Goodwin, Chief Judge

---

[1]  The Modification Agreement is found at Docket 8-1 at 23-29.